[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Milford on June 7, 1972. There are three children issue of the marriage — Michael, Jennifer and Daryl. The latter was born March 23, 1979, and is still a minor. Michael and Jennifer have reached the age of majority. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
The plaintiff's drinking was the major cause of the breakdown. He drank regularly and steadily. The defendant begged him to give it up. She related three incidents of the plaintiff's intoxication — at a friend's wedding on Wheelers Farms Road in the late 1970's, at a picnic at her mother's house, at a dinner for the birthday of the plaintiff's parents. The plaintiff continued to drink until the marriage was about 10 years old. He finally went to AA meetings, found he could not stop and asked the defendant to help him. She refused saying it was his problem, and went to the "Spa Lady" for her regular workout. He also said there was no sex for eight years, there was no closeness, and they were living separate lives. CT Page 9724
The defendant testified that the plaintiff's drinking was the major cause of the breakdown, that the marriage ended 10 years ago. She also said that part of the breakdown was her refusal of sex, that she wanted to be other than a wife, and to be a human being in her life and for their children.
The court finds that the plaintiff's drinking was the major cause of the breakdown but that the defendant contributed to the breakdown in some small measure.
The jointly owned real estates at 3 Dixon Street in Milford shall be the sole property of the plaintiff. The defendant shall quitclaim her interest therein to the plaintiff and the plaintiff shall be solely responsible for the mortgage, taxes, insurance and all other costs associated with said property, and he shall indemnify and hold the defendant harmless therein.
The jointly owned real estate located at 1470 New Haven Avenue in Milford shall be the sole property of the defendant. The plaintiff shall quitclaim his interest therein to the defendant and the defendant shall be solely responsible for the mortgage, including any arrearage and late fees thereon, taxes, insurance, and all other costs associated with said property and she shall indemnify and hold the plaintiff harmless therein.
The defendant shall assign her interest in the jointly owned timeshare in Kissimee, Florida, to the plaintiff and the plaintiff shall be the sole owner thereof. The plaintiff shall be solely responsible for all costs associated with said property and shall indemnify and hold the defendant harmless thereon. The plaintiff shall pay to the defendant an amount equal to one half of the value of the timeshare, the average value of which is estimated by the parties to be $8745.
Custody of the minor child, Daryl, is awarded jointly to the parties. He shall live with the defendant and the plaintiff shall have visitation with him in accord with the agreement reached at mediation with the Family Relations Office, as set out in the report dated February 10, 1993. Also, the plaintiff is awarded visitation with the minor child on Father's Day, and the defendant is awarded visitation with the minor child on Mother's Day. The Memorial Day weekend and the Labor Day weekend from Friday evening through Monday evening shall be alternated by the parties with the plaintiff having the Memorial Day weekend in 1994. CT Page 9725
The plaintiff shall pay to the defendant child support in accord with the State of Connecticut Child Support Guidelines by way of a contingent wage withholding order.
The parties shall alternate years to take the dependency exemption for the minor child for their IRS returns, with the defendant taking the dependency exemption for the fiscal year 1993.
The defendant is awarded alimony in the amount of $200 a week for so long as the defendant is obliged to pay $209 a week on the present mortgage on the 1490 New Haven Avenue property, or until she dies or remarries.
The defendant claims that the defendant should be awarded money to balance the differential between the equities in the two houses. The court's analysis does not back up the defendant's claims.
The court estimates the equity in the Dixon Street property and in the New Haven Avenue property is approximately the same. The average value of the Dixon Street property based on the estimates of the two real estate appraisers who testified is $99,900. The existing mortgage on that property is $7746. The equity in that house thus is $92,154. The average value of the New Haven property based on the estimates of the two real estate appraisers who testified is $157,400. The existing mortgage on that property based on the parties' estimates on their financial affidavits is $65,850. The equity in that house thus is $91,550, which almost balances that in the Dixon Street property. The defendant's claim therefore has no merit.
The plaintiff shall transfer to the defendant one-half of the number of shares of Bic stock which he owned as of the date of the commencement of the action for dissolution of the marriage and the plaintiff shall retain the balance of said stock. The defendant shall be responsible for all costs, penalties and taxes associated with said transfer.
The camper trailer shall be the sole property of the plaintiff and the defendant shall execute any documents necessary to effectuate this transfer of ownership. The plaintiff shall remove said camper trailer within two weeks of the date of this Memorandum of Decision from the New Haven Avenue property. The plaintiff shall pay to the defendant one-half of the value of said trailer, CT Page 9726 which the court finds to be $625.
Each party shall retain ownership of their respective assets, pensions, IRAs and motor vehicles as listed in their financial affidavits. Any loans due on the respective motor vehicles shall be paid by the owner thereof.
The plaintiff shall maintain insurance on his life in the amount of $50,000 for the benefit of the minor child and shall designate said minor child as irrevocable beneficiary during his minority. He shall provide the defendant with proof of said coverage upon demand by the defendant.
Each party shall maintain medical insurance on the minor child as is available through their employment and shall equally share all uninsured medical bills.
The plaintiff shall pay to the defendant $5000 representing part of the fees of the defendant's attorney.
Each party shall be responsible for the debts listed on their respective financial affidavits and shall indemnify and hold the other harmless therefor.
The plaintiff shall retain his collection of books, stamps and coins, one-half of the photos of the parties' children and the oak secretary which the court finds are the property of the plaintiff. Any jointly owned property located at either 3 Dixon Street or 1470 New Haven Avenue shall be divided equally between the parties.
Inasmuch as the court has found that the defendant was partially at fault for the breakdown of the marriage, the defendant shall reimburse the plaintiff 25% of the balance on the joint savings: account and the joint checking account as claimed in paragraph 14 of the plaintiff's claims for relief dated March 17, 1993, for 25% of the amount the plaintiff paid for support of Jennifer when she was living in New York, as claimed in paragraph 15 of said plaintiff's claims for relief; 25% of the joint household expenses paid from November 1991 through March 1992, and claimed in paragraph 16 of said plaintiff's claims for relief; and 25% of the rental income received for 3 Dixon Street, as claimed in paragraph 17 of said plaintiff's claims for relief.
The attorney's fees for the eviction case be divided equally between the parties. The defendant shall pay the fees of her CT Page 9727 attorney in the instant case and the plaintiff shall pay the defendant $5000 as partial reimbursement for said fees. The plaintiff shall pay the fees of his attorney in the instant case.
Thomas J. O'Sullivan Trial Referee